IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. BUTLER, III<br>1670 Ocean Ave.<br>Santa Monica, CA 90401<br><br>    and<br><br>OCEAN AVENUE PROPERTIES, LLC<br>1670 Ocean Ave.<br>Santa Monica, CA 90401<br><br>           Plaintiffs,<br><br>    -vs.-<br><br>HOTEL CALIFORNIA, INC.,<br>c/o Sebastian Rucci<br>40 The Ledges<br>Suite 3C<br>Poland, OH 44514<br><br>    And<br><br>SEBASTIAN RUCCI<br>40 The Ledges<br>Suite 3C<br>Poland, OH 44514<br><br>           Defendants. | CASE NO.   4:14-cv-2380<br><br>JUDGE:<br><br>**VERIFIED COMPLAINT**<br><br>Trademark Infringement;<br>Violation of the Lanham Act;<br>Trademark Counterfeiting; and<br>Violation of the Ohio Deceptive Trade Practices Act<br><br><br>**JURY DEMAND** |

Plaintiff Richard A. Butler, III and Ocean Avenue Properties, LLC (collectively referred to herein as "Ocean Avenue Properties"), by their undersigned attorneys, for their complaint against Defendants Hotel California, Inc. and Sebastian Rucci  (collectively referred to herein as "Rucci Defendants") alleges as follows:

THE PARTIES

1. Richard A. Butler, III is an individual resident of the State of California with a mailing address at 1670 Ocean Ave., Santa Monica, CA 90401.

2. Ocean Avenue Properties, LLC is a limited liability company organized and existing under the laws of California, having its principal place of business at 1670 Ocean Ave., Santa Monica, CA 90401.

3. Defendant Hotel California, Inc. is a corporation organized and existing under the laws of Ohio, having its principal place of business at 1051 N. Canfield Niles Rd., Austintown, Ohio 44515.

4. Defendant Sebastian Rucci is an individual resident of the State of Ohio with a mailing address at 40 The Ledges, Suite 3C, Poland, OH 44514.

JURISDICTION AND VENUE

5. This is an action for trademark counterfeiting and trademark infringement and trademark counterfeiting, *inter alia*. This Court has subject matter jurisdiction over the claims for trademark counterfeiting, trademark infringement and violations of the Lanham Act pursuant to 28 U.S.C. §§ 1121, 1331, and 1138. This Court has supplemental jurisdiction over joined claims based on state law pursuant to 28 U.S.C. § 1367 because such claims are so related to claims in the action within the Court's original jurisdiction that those claims form part of the same case or controversy.

6. This Court has personal jurisdiction over Hotel California, Inc. and Rucci by virtue of, among other things, Hotel California, Inc.'s location and Defendants' transaction of business within this judicial district.

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b), and/or (c), and 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

OPERATIVE FACTS

*Background of Hotel California® Chain*

8. In 1997, Ocean Avenue Properties acquired a hotel in Santa Monica, California and named it the Hotel California®.

9. The name of the hotel, i.e., Hotel California®, was popularized by the Eagles' release of a song by the same name in 1972 on their album Desperado.

10. Ocean Avenue Properties advertises its services through the website www.hotelca.com.

11. Recently, Ocean Avenue Properties has begun to franchise and license its brand to other hotel locations in the state of California, including San Francisco.

12. Butler filed an application for the trademark Hotel California® with the United States Patent and Trademark Office ("USPTO") as a service mark for use with "providing temporary furnished housing accommodations" on September 19, 1996.

13. On July 8, 1997, Butler received a registration on the Principal Register for his trademark Hotel California® for "providing temporary furnished housing accommodations"  A copy of the trademark registration is attached hereto as Exhibit 1.

14. Butler filed an application for the trademark The Hotel California® with the USPTO as a service mark for use with "Hotel, motel and furnished lodging services" on February 18, 2000.

15. On April 6, 2004, Butler received a registration on the Principal Register for his trademark The Hotel California® for "Hotel, motel and furnished lodging services." A copy of the trademark registration is attached hereto as Exhibit 2.

16. Ocean Avenue Properties has continuously used the trademarks Hotel California® and The Hotel California® in connection with their hotels and provision of lodging services both before and after the USPTO's registration of the marks.

17. Ocean Avenue Properties has widely and continuously promoted their hotel services under the trademarks Hotel California® and The Hotel California® and have invested substantial resources in advertising and marketing the brand and expanding their franchise.

18. As a result of Ocean Avenue Properties' widespread and continuous use of the Hotel California® and The Hotel California® trademarks in interstate commerce and throughout the United States, an appreciable number of consumers have come to identify the trademark with the genuine Hotel California® and The Hotel California® brand.

19. Ocean Avenue Properties, operating as the Hotel California, Santa Monica and San Francisco, has invested considerable resources in developing goodwill in the Hotel California® and The Hotel California® brand.

20. The Hotel California, Santa Monica and San Francisco have a substantial number of favorable reviews from patrons as well as recognized travel guides, such as "Lonely Planet Guide," "Travelsmart Newsletter," "Travel Smart Magazine," "Fodor's Guide," "Travel &

Leisure Magazine," "Frommer's L.A. Guide," "New York Times," "Los Angeles Times,"and others.

21. Significant segments of consumers who are likely to purchase hotel services identify the trademarks Hotel California® and The Hotel California® with a single source.

*Defendant's Ohio Hotel California*

22. Defendant Hotel California, Inc. is the owner and developer of Hotel California, set to open and operate soon in Austintown, Ohio.

23. Upon information and belief, Defendant Sebastian Rucci is the owner and managing member of Defendant Hotel California, Inc. and makes all business decisions, including the selection of a name and the marketing and advertising of the hotel.

24. Rucci is the former owner of a topless dance club known as Go Go Girls Cabaret. Rucci and other principals of the club were previously charged with engaging in a pattern of corrupt activity, money laundering, perjury and two counts of promoting prostitution. While the charges were dismissed or successfully appealed, one appeal remains pending, a jury verdict which found Ricci guilty of illegal sales of liquor. Go Go Girls Cabaret closed in September 2011 and its former location is the current location for the soon-to-open "Hotel California." A true and accurate copy of an article containing these facts published on July 12, 2014 in The Vindicator, a Youngstown newspaper, is attached as Exhibit 3.

25. Rucci Defendants utilize the website known as www.hotel-cali.com and the Facebook page https://www.facebook.com/pages/Hotel-cali/437435819726448, where Rucci Defendants advertise and offer for sale hotel services under the mark "Hotel California." As indicated on the website, Rucci Defendants intend to operate a restaurant called "The Santa Monica Grille."

5

26. On or around July 14, 2014, Ocean Avenue Properties discovered Rucci Defendants and theri plans to develop and open a hotel under the mark "Hotel California."

27. On July 14, 2014, Ocean Avenue Properties sent Rucci Defendants a cease and desist letter requesting that Rucci Defendants stop using the confusingly similar mark "Hotel California" in relation to the hotel Rucci Defendants were planning to open. A true and accurate copy of the July 14, 2014 letter is attached as Exhibit 4.

28. Rucci Defendants did not respond to this cease-and-desist letter.

29. On October 8, 2014, Ocean Avenue Properties again sent Rucci Defendants a cease-and-desist letter requesting that Rucci Defendants stop using the confusingly similar mark "Hotel California" in relation to the hotel Rucci Defendants were planning to open. A true and accurate copy of the October 8, 2014 letter is attached as Exhibit 5.

30. The letter requested a response from Rucci Defendants by October 14, 2014. Again, Rucci Defendants did not respond to this second cease-and-desist letter.

31. On September 21, 2014, after receipt of the initial cease-and-desist letter, Defendant submitted an application for registration of the trademark "Hotel California" to the USPTO. As part of the application, Rucci, signed a declaration stating "The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake or to deceive." A true and accurate copy of Rucci Defendants' application for registration is attached as Exhibit 6.

32. On September 24, 2014, Rucci Defendants also submitted an application for registration of the trademark "Hotel Cali" to the USPTO. Similar to the application for the Hotel

6

California registration, Rucci signed a declaration stating, "The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake or to deceive." A true and accurate copy of Rucci Defendants' application for registration is attached as Exhibit 7.

33. On October 6, 2014, Austintown Hotel submitted a Trademark and Service Mark Application to the Ohio Secretary of State for the mark "Hotel California" to be used in connection with "provid[ing] temporary accommodations, operat[ing] a hotel with an attached restaurant and night club." In the application, Rucci verified that he was the owner of the mark, that no other person had the right to use the mark in Ohio and "no other person has a registration or a pending intent to use application of the same or a confusingly similar mark in the United States Patent and Trademark office for the same or similar goods or services." A true and accurate copy of Austintown Hotel's application for registration is attached as Exhibit 8.

34. Rucci Defendants still intend to open and operate a hotel under the name "Hotel California." True and accurate photos of the hotel, as it stands today, are attached as Exhibit 9.

35. Rucci Defendants have actual knowledge of Ocean Avenue Properties' registered trademarks Hotel California® and The Hotel California® and the likelihood of confusion that would result from Rucci Defendants' use of a similar mark, and had that knowledge prior to filing its application with the USPTO.

36. Ocean Avenue Properties has never authorized Rucci Defendants to use, advertise, market or sell hotel and/or lodging services under their registered trademarks Hotel California® and The Hotel California®.

37. Ocean Avenue Properties has no control over the quality of services provided by Rucci Defendants under the mark "Hotel California."

38. Rucci Defendants have never sought nor received authorization from Ocean Avenue Properties to use, market, advertise, offer for sale, or sell hotel services under the mark "Hotel California".

39. Rucci Defendants' aforementioned infringing activities have also injured and threaten future injury to Ocean Avenue Properties. More specifically, Rucci Defendants' infringing activities have diminished Ocean Avenue Properties' goodwill in genuine hotel services that it otherwise would have had but for Rucci Defendants' infringement.

FIRST CLAIM FOR RELIEF
Federal Trademark Infringement; Unfair Competition
(15 U.S.C. §1125(a); §43(a) of the Lanham Act)

40. Ocean Avenue Properties repeats and re-alleges paragraphs 1 through 38 as if fully rewritten herein.

41. Ocean Avenue Properties has an established right to the trademarks Hotel California® and The Hotel California® with respect to hotel and lodging services.

42. Rucci Defendants have used, and is using, the mark "Hotel California" in relation to a hotel services for a hotel it is planning to open and operate in the near future.

43. Rucci Defendants' marks "Hotel California" and "Hotel Cali" are confusingly similar to Ocean Avenue Properties' registered trademarks Hotel California® and The Hotel California®.

8

44. Rucci Defendants' acts as alleged above were with the purpose of exploiting and trading on the substantial goodwill and reputation of Ocean Avenue Properties as symbolized by the registered trademark.

45. Such intentional acts on the part of Rucci Defendants will cause and have caused Ocean Avenue Properties immediate and irreparable damage.

46. Rucci Defendants' acts as alleged above have caused confusion, mistake, and deception, are likely to continue to cause confusion, mistake, and deception, and have infringed upon Ocean Avenue Properties' exclusive rights in their registered trademark.

47. Rucci Defendants have actual knowledge of Ocean Avenue Properties' exclusive rights in the registered trademark and willfully and deliberately infringed Ocean Avenue Properties' rights in the trademark.

48. Rucci Defendants' above averred acts, including the use by Rucci Defendants of a substantially similar mark in connection with the same or similar services offered by Ocean Avenue Properties is likely to cause the consuming public to mistakenly believe that the Rucci Defendants' services originate from, are sponsored by, or are associated with Ocean Avenue Properties, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the registered trademark in question to lose its significance as indicators of origin, in violation of 15 U.S.C. § 1125(a).

49. Rucci Defendants' actions complained of herein constitute trademark infringement, unfair competition, and passing off in violation of Ocean Avenue Properties' rights under 15 U.S.C. § 1125(a).

50. Ocean Avenue Properties has no adequate remedy at law. Due to (i) Rucci Defendants' above averred acts and (ii) the damage being caused to the goodwill associated with the registered trademark, the conduct of Rucci Defendants complained of herein has caused and will continue to cause irreparable damage to Ocean Avenue Properties if not enjoined.

SECOND CLAIM FOR RELIEF
Federal Trademark Counterfeiting
(15 U.S.C. § 1114, § 32 of the Lanham Act)

51. Ocean Avenue Properties repeats and re-alleges paragraphs 1 through 51 as if fully rewritten herein.

52. Rucci Defendants have used, and are using, the mark "Hotel California" in interstate commerce in connect with Rucci Defendants' advertising and offer of sale of hotel services in such a fashion and design as to imitate, counterfeit, copy, and reproduce Ocean Avenue Properties' registered trademarks.

53. Rucci Defendants' acts as alleged above were with the purpose of exploiting and trading on the substantial goodwill and reputation of Ocean Avenue Properties' registered trademark. Such intentional acts on the part of Rucci Defendants have damaged and threaten to damage Ocean Avenue Properties' goodwill and caused Ocean Avenue Properties immediate and irreparable damage.

54. Rucci Defendants' acts as alleged above have caused confusion, mistake, and deception, are likely to continue to cause confusion, mistake, and deception, and have infringed upon Ocean Avenue Properties' exclusive rights in its registered trademarks.

55. Rucci Defendants have actual knowledge of Ocean Avenue Properties' exclusive rights in the registered trademark and willfully and deliberately infringed Ocean Avenue Properties' rights in its trademark.

56. Ocean Avenue Properties' valuable reputation and goodwill in its trademarks have been tarnished, damaged, and will continue to suffer irreparable and monetary harm. Rucci Defendants have also been unjustly enriched by their actions as alleged above.

57. Such acts by Rucci Defendants constitute trademark counterfeiting, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, *inter alia.*

58. Ocean Avenue Properties has no adequate remedy at law. Due to (i) Rucci Defendants' above averred acts and (ii) the damage being caused to the goodwill associated with the registered trademarks, the conduct of Rucci Defendants complained of herein has caused and will continue to cause irreparable damage to Ocean Avenue Properties if not enjoined.

## THIRD CLAIM FOR RELIEF
Violation of the Ohio Deceptive Trade Practices Act

59. Ocean Avenue Properties repeats and re-alleges paragraphs 1 through 59 as if fully rewritten herein.

60. The registered trademark identifies certain hotel and lodging services as being those of Ocean Avenue Properties.

61. Rucci Defendants, with knowledge or reason to know of the ownership and use of the registered trademark by Ocean Avenue Properties, are using Ocean Avenue Properties' registered trademarks or confusingly similar marks in connection with providing identical or similar services of its own.

62. Such use by Rucci Defendants causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the Rucci Defendants' services.

63. Such use by Rucci Defendants caused a likelihood of confusion or misunderstanding as to affiliation, connection, or association between Ocean Avenue Properties and Rucci Defendants and/or certification by Ocean Avenue Properties of the hotel services offered for sale or sold by Rucci Defendants.

64. Rucci Defendants, through its misappropriation and improper use of the a confusingly similar mark, are representing to consumers and the public that its hotel services have sponsorship, approval, affirmation, status, or connection with Ocean Avenue Properties, which it does not, in fact, have.

65. Ocean Avenue Properties is likely to be damaged, and has been damaged, by the deceptive trade practices of Rucci Defendants.

66. Ocean Avenue Properties has been and will be irreparably harmed by the deceptive trade practices of Rucci Defendants.

67. Ocean Avenue Properties entitled to an injunction, damages, and attorneys' fees for Rucci Defendants' deceptive trade practices.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Richard Butler and Ocean Avenue Properties, LLC pray that this Court enter an Order comprising:

1. Judgment against Defendant Hotel California, Inc. and Sebastian Rucci for temporary, preliminary and permanent injunctions granted pursuant to 15 U.S.C. § 1116, enjoining Defendants and their affiliates, partners, representatives, servants, employees, attorneys and all persons in active concert privity or participation with Defendants from using the marks "Hotel California" and "Hotel Cali" and from otherwise infringing Plaintiffs' trademarks

and/or trade names; from competing unfairly with Plaintiffs; from falsely designating the origin of the Defendants' services; from diluting the distinctive quality of Plaintiffs' registered trademark; from engaging in deceptive trade practices in violation of 15 U.S.C. § 1051 et seq. and Ohio Revised Code § 4165 et seq.; and from further engaging in unfair competition, and specifically:

    (a) using in any manner Plaintiffs' registered trademark, any mark confusingly similar to Plaintiffs' registered trademark, or any other mark that so resembles Plaintiffs' registered trademark as to be likely to cause confusion, deception or mistake, in connection with the advertising, sale, or offer for sale of hotel and lodging services;

    (b) committing any acts, including use of Plaintiffs' registered trademark or any trademark confusingly similar to Butler's registered trademark, calculated to cause purchasers to believe that Defendants' services are sold under the control and supervision of Plaintiffs, or are sponsored, approved, or connected with Plaintiffs, are guaranteed by Plaintiffs, or are rendered under the control and supervision of Plaintiffs;

    (c) further diluting and infringing Plaintiffs' registered trademark and damaging its goodwill, and,

    (d) other relief pursuant to 15 U.S.C. §1116(d).

    2.    A preliminary and permanent injunction issued enjoining Defendants from using, selling, or offering for sale services under any mark that infringes or counterfeits Plaintiffs' intellectual property.

3. An accounting of all of Defendants' sales and profits derived from Defendants' infringement and contributory infringement of Plaintiffs' intellectual property and the trebling of such damages because of the knowing, willful, and wanton nature of Defendants' conduct.

4. Judgment against Defendants for the greater of triple the amount of actual damages suffered by Plaintiffs pursuant to 15 U.S.C. § 1117(b) or statutory damages under 15 U.S.C. § 1117(c).

5. Judgment for an award of punitive damages against Defendants and in favor of Plaintiffs by reason of Defendants' unfair competition and palming off.

6. Judgment that costs of this action be awarded to Plaintiffs.

7. Judgment that Plaintiffs be awarded their reasonable attorneys' fees along with an assessment of interest on all the damages so computed.

8. Judgment against Defendants for an accounting and monetary award in an amount to be determined at trial, but not less than five hundred thousand dollars (US$500,000).

9. Ordering the destruction of any and all materials in Defendants' possession, custody or control bearing a colorable imitation of the registered trademark.

10. Requiring Defendants to disgorge any and all profits derived from the sale of Defendants' services under any mark that is confusingly similar to Plaintiffs' registered trademark.

11. Requiring Defendants to file with this Court and serve on Plaintiffs within thirty (30) days of this Court's order a report setting forth the manner and form in which Defendants have complied with this injunction.

12. Damages according to each and every cause of action alleged herein, including but not limited to lost sales, corrective advertising costs, and future cost of anti-counterfeiting measures.

13. Prejudgment interest.

14. An order cancelling and/or requiring the withdrawal of Defendants' application for registration of the mark "Hotel California" and "Hotel Cali" with the USPTO, as well as any other applications pending at the time of this litigation.

15. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Sharon A. Luarde
Sharon A. Luarde (0071625)
Christopher J. Carney (0037597)
Anastasia J. Wade (0082797)
BROUSE McDOWELL
600 Superior Avenue East
Suite 1600
Cleveland, Ohio 44114
Phone: (216) 830-6830
Fax: (216) 830-6807
E-mail: sluarde@brouse.com
ccarney@brouse.com
awade@brouse.com

*Counsel for Plaintiffs Richard A. Butler, III and Ocean Avenue Properties, LLC*

JURY DEMAND

Plaintiffs request a trial by jury on all issues and claims so triable.

/s/ Sharon A. Luade

15

## VERIFICATION

I, Richard Butler, verify that I have read the foregoing verified complaint and that the facts set forth in the foregoing verified complaint are true and correct to the best of my knowledge, information, and belief.

*Richard Butler* (signature)
Richard Butler

STATE OF CA
County of Los Angeles
SUBSCRIBED and SWORN
before me this 24 day of
October, 2014.

*(signature)*
Notary Public

SONIA METZ VAN COTT
Commission # 2032620
Notary Public - California
Los Angeles County
My Comm. Expires Aug 2, 2017